UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY A. STEPANYUK,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS, III,<br><br>　　　　　　　　　　Respondents. | Case No.: 18cv1939-CAB-RBB<br><br>**ORDER STAYING PETITION UNTIL DECEMBER 14, 2018 PENDING REMOVAL DEVELOPMENTS** |

Petitioner Sergey A. Stepanyuk ("Petitioner") is a detainee in the custody of the United States Immigration and Customs Enforcement ("ICE"). On August 20, 2018, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. [Doc. No. 1.] Petitioner contends that he is being indefinitely detained in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). On September 21, 2018, Respondents filed a return to the petition. [Doc. No. 3.] Petitioner has not filed a reply.

FACTUAL BACKGROUND

Petitioner is a native and citizen of Ukraine. [Doc. 1, para. 1.] On August 11, 1999, he was admitted to the United States as a refugee. [*Id*., para. 11.] On March 28, 2012, he was convicted of second degree robbery and sentenced to five years in prison. [*Id*. at 20, 23.]

On November 27, 2017, ICE took him into custody, and he was placed in removal proceedings. [*Id.* at 20, para. 12.]

On January 22, 2018, the Immigration Judge ("IJ") ordered Petitioner removed from the United States to Ukraine, and he did not appeal from the decision, so it became final and executable. [*Id.* at 20, paras. 9, 12.]

ICE then began the process of obtaining a travel document from Ukraine to repatriate Petitioner, because his Ukrainian passport had expired. [*Id.* at 12.] In April and August 2018, ICE conducted custody reviews, and decided to continue Petitioner's detention pending efforts to repatriate him to Ukraine. [*Id.* at 20, 23.]

Petitioner commenced this action on August 20, 2018.

On September 8, 2018, ICE Headquarters notified Respondents that a Ukrainian consular officer had promised, on September 7, 2018, to issue a travel document for Petitioner's repatriation to Ukraine and that the document would be sent to the San Diego ICE office. [Doc. No. 3 at 2.]

On September 11, 2018, the ICE Detention Officer assigned to Petitioner's case notified counsel for Respondents that he had received the travel document from the Ukrainian Consulate and that Petitioner's repatriation to Ukraine was being scheduled. *Id.* On that same day, ICE served Petitioner with an "Imminent Removal Letter," notifying him that he will be repatriated to Ukraine in October 2018. *Id.*

## DISCUSSION

A. Legal Standard.

A district court may issue habeas corpus relief where a petitioner demonstrates that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2241 confers jurisdiction upon federal courts to consider challenges to the detention of aliens in removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *Zadvydas*, 533 U.S. at 637. Although the READ ID Act of 2005, Pub.L.No. 109–13, Div. B., 119 Stat. 231 (May 11, 2005) eliminated district court jurisdiction over habeas corpus petitions challenging final orders of removal,

district courts retain jurisdiction over section 2241 petitions challenging the legality of an alien's detention. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075–76 (9th Cir. 2006).

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90–day 'removal period.' " *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004) (citation omitted); 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final;
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B); *see also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004). During the 90–day removal period, continued detention is required until the alien is actually removed. 8 U.S.C. § 1231(a)(2). Where removal cannot be accomplished within the 90–day removal period, continued detention is authorized by 8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6) did not authorize the Immigration and Naturalization Service ("INS") to detain an alien awaiting removal "indefinitely" beyond the statutory 90–day removal period. 533 U.S. at 689. Rather, the Supreme Court construed the statute to contain an implicit "reasonable time" limitation. *Id*. at 682. The Court held that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id*. at 682, 689. The Court determined that six months was a presumptively reasonable period of detention. *Id.* at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. If the Government fails to rebut the alien's showing, then the alien is entitled to relief. *See e.g., Chun Yat Ma v.*

*Asher*, 2012 WL 1432229, at *5 (W.D. Wash. Apr. 25, 2012) (granting habeas relief and ordering petitioner released from custody after eleven month delay in removing petitioner to China). "For detention to remain reasonable, as the period or prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

B. Analysis.

Petitioner's removal order became final on January 22, 2018. ICE then began the process of obtaining a travel document from Ukraine to repatriate Petitioner because his Ukrainian passport expired. On September 11, 2018, ICE obtained the travel document from the Ukrainian Consulate and Petitioner's repatriation to the Ukraine is scheduled to occur this month. While Petitioner has been held approximately three months beyond the presumptively reasonable period established in *Zadvydas*, it is too early to conclude that removal efforts will not be successful within the next few months. Therefore habeas relief is not warranted at this time. *See Zhao v. Kelly*, No. CV 17-777-BRO(KES), 2017 WL 1591818, at *4 (April 27, 2017)(habeas relief not warranted where application for travel documents from Chinese consulate was pending and petitioner had been detained for nine months).

Nevertheless, the delay in obtaining travel documents is concerning. Therefore, the Court finds that the most appropriate course of action is to stay this case until December 14, 2018.[1]

CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED**:

(1) this action is **STAYED** until **December 14, 2018**;

---

[1] A trial court has the inherent authority to stay a habeas proceeding as long as the stay is not indefinite. *Zhao*, 2017 WL 1591818, at *4 (citations omitted)(three month stay of habeas case warranted where there was a delay in obtaining travel documents from Chinese consulate).

(2) Respondent shall file a status report every 30 days (on **November 9, 2018** and **December 10, 2018**) detailing the status of efforts to repatriate Stepanyuk to the Ukraine.

**IT IS SO ORDERED**.

Dated: October 10, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge